UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERIC B. EDWARDS, et al.          :
        Plaintiffs,          :
                       :
    v.          :    CIVIL ACTION NO. 1:18-cv-02000-RDB
                       :
ALBERTUS ENERGY, INC., et al.          :    Judge Richard D. Bennett
                       :
        Defendants.          :
_____:

### **ALGAS-SDI INTERNATIONAL, LLC'S ANSWER TO**
### **PLAINTIFFS' FIRST AMENDED COMPLAINT AND PRAYER FOR JURY TRIAL**

Algas-SDI International, LLC ("Algas") a Defendant, by its attorneys, Louis E. Grenzer, Jr. and Bodie, Dolina Hobbs, Friddell & Grenzer, P.C., answers the Plaintiffs' First Amended Complaint and states as follows:

### **Preliminary Statement**

This Answer is filed pursuant to the Federal Rules. It contains all defenses permissible by the Rules in response to general allegations made against this Defendant in Plaintiffs' First Amended Complaint. This Answer contains numerous negative and affirmative defenses; in order to prevent a waiver of any specific defense applicable, it is filed without the benefit of complete discovery of medical and/or liability facts specific to this case.

### **ANSWER TO THE PARTIES, JURISDICTION AND VENUE**

1.     Algas admits the allegations in Paragraph 1 of the First Amended Complaint.

2.     Algas admits the allegations in paragraph 2 of the First Amended Complaint.

3. Algas admits that Albertus Energy, Inc. has been a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. Algas lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the First Amended Complaint.

4. Algas states that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Washington. Algas denies that remaining allegations contained in Paragraph 4 of the First Amended Complaint.

5. Algas denies the allegations contained in Paragraph 5 of the First Amended Complaint.

6. The allegations contained in Paragraph 6 of the First Amended Complaint require neither admission or denial. To the extent an admission or denial is required, Algas denies the allegations.

7. Algas denies the allegations contained in Paragraph 7 of the First Amended Complaint.

8. Algas denies that allegations contained in Paragraph 8 of the First Amended Complaint.

9. Algas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 9-24 of the First Amended Complaint.

10. Algas denies the allegations in Paragraph 25 of the First Amended Complaint.

11. The allegations in Paragraphs 26-39 of the First Amended Complaint are not applicable to Defendant Algas and therefore do not require a response. To the extent a specific response is required, Defendant Algas lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 26-39 of the First Amended Complaint.

12. Algas denies the allegations contained in Paragraphs 40-48 of the First Amended Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

The Complaint fails to join a party in whose absence complete relief cannot be accorded among those already joined.

## THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by laches.

## FIFTH DEFENSE

Plaintiff assumed the risk of any harm that may have been suffered and as such is barred from recovery.

## SIXTH DEFENSE

If the Plaintiff was injured, such injuries were the result of the Plaintiff's own contributory negligence and as such is barred from recovery.

## SEVENTH DEFENSE

If Plaintiff was injured, such injuries were caused by fellow servants/workers.

## EIGHTH DEFENSE

This Court lacks jurisdiction over the subject matter in these proceedings.

## NINETH DEFENSE

This Defendant is not subject to personal jurisdiction of this Court.

### TENTH DEFENSE

If any products supplied by this Defendant were unsafe, they were unavoidably so.

### ELEVENTH DEFENSE

Plaintiff is barred from recovery in that the Worker's Compensation law of Maryland provides for his/her exclusive remedy.

### TWELFTH DEFENSE

This Defendant owed no duty to the Plaintiff by virtue of the sophistication of the Plaintiffs' employers.

### THIRTEENTH DEFENSE

If the Plaintiff was injured, then the plaintiff and/or the others around misused the products in question.

### FOURTEENTH DEFENSE

The occurrence for which the Plaintiff seeks relief was caused by third parties over whom this Defendant had no control, nor right of control, and for whose actions this Defendant is not liable.

### FIFTEENTH DEFENSE

While denying any negligence or improper conduct with respect to the subject matter of the Complaint, Defendant states that insofar as negligence or improper conduct is found, it was not a proximate cause of any injury sustained by the Plaintiff.

### SIXTEENTH DEFENSE

While denying all allegations of the Complaint regarding injury and damages allegedly sustained by Plaintiff, the Defendant states that if Plaintiffs prove said injuries and damages, they were caused by the superseding and intervening acts of negligence of other parties over whom

this Defendant had no control, nor right of control, and for whose actions this Defendant is not liable.

### SEVENTEENTH DEFENSE

To the extent that any Complaint is amended to include a new or amended count/cause of action, this paragraph is specifically intended to be a defense to the amendment without the need to file a second, amended answer.

### EIGHTEENTH DEFENSE

Plaintiffs are estopped from bringing any action against this Defendant.

### NINETEENTH DEFENSE

Plaintiffs are collaterally estopped from bringing any action against this Defendant.

### TWENTIETH DEFENSE

This suit is barred under the doctrine of *res judicata*.

### TWENTY-FIRST DEFENSE

This Defendant avails itself of and adopts such defenses as have been raised by any of the other Defendants or Third-party Defendants to this proceeding as may be applicable to this Defendant.

### TWENTY-SECOND DEFENSE

Plaintiff lacks the capacity to sue.

### TWENTY-THIRD DEFENSE

Plaintiff's damages are barred or subject to reduction on the basis of the principles of release, settlement, accord or satisfaction.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

BODIE, DOLINA, HOBBS,
FRIDDELL & GRENZER, P.C.


*/s/ Louis E. Grenzer, Jr.*
Louis E. Grenzer, Jr.
(Federal Bar No. 26066)
305 Washington Avenue, Suite 300
Towson, Maryland 21204
(410) 823-1250
lgrenzer@bodie-law.com
Counsel for Algas-SDI International, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2018, Algas-SDI International, LLC's Answer to Plaintiff's First Amended Complaint, was filed and served electronically and is available for downloading and viewing via the Court's CM/ECF system on all known counsel.


*/s/ Louis E. Grenzer, Jr.*
Louis E. Grenzer, Jr.
(Federal Bar No. 26066)